

**ORDERED in the Southern District of Florida on September 22, 2020.**

_____
**Robert A. Mark, Judge
United States Bankruptcy Court**
_____

```
             UNITED STATES BANKRUPTCY COURT
              SOUTHERN DISTRICT OF FLORIDA
                    MIAMI DIVISION
_____
                            )
In re:                      )    CASE NO.   16-17900-BKC-RAM
                            )    CHAPTER    13
LISA CATHERINE CLANCY,      )
                            )
           Debtor.          )
_____)
```

### ORDER DENYING CREDITOR'S MOTION
### TO RECOVER TAX AND INSURANCE ADVANCES

The holder of a foreclosure judgment obtained force-placed insurance on the debtor's home after the filing of this chapter 13 case. The primary issue addressed in this Order is whether the creditor is entitled to be reimbursed for these insurance premium payments where the debtor's confirmed plan provides for full

1

payment of the judgment and does not include a provision obligating the debtor to maintain insurance on her property.

The issue is presented in a Motion to Determine Recoverability of Escrow Advances (the "Motion") [DE #77] filed by PHH Mortgage Corporation as servicer for U.S. Bank National Association, as trustee for CWMBS Reperforming Loan REMIC Trust Certificates, Series 2006-R2 ("US Bank" or the "Bank").  US Bank is a secured creditor of the debtor, Lisa Catherine Clancy (the "Debtor"), by virtue of a final foreclosure judgment (the "Judgment") in the amount of $38,899.75 entered on October 9, 2012.  The property subject of the Judgment is the Debtor's primary residence and is located at 18460 NE 20th Avenue, North Miami Beach, Florida 33179 (the "Property").

The Motion seeks relief under 11 U.S.C. § 105(a) and requests entry of an order requiring the Debtor to reimburse US Bank for what it describes as tax and insurance escrow advances made after confirmation of the Debtor's chapter 13 plan.  The Court has considered the record in this case, including US Bank's Motion, the Debtor's Response [DE #80], and US Bank's Reply [DE #83], and also has considered the arguments of counsel at the September 9, 2020 hearing on the Motion.  The Court concludes that the Motion should be denied for the reasons set forth below.

Simply stated, the Bank may not recover advances for insurance on the Property because the Debtor had no obligation under the

2

confirmed plan, or otherwise, to maintain insurance on the Property. The Bank also is not entitled to recover the one tax payment it advanced postpetition because the tax payment was made prior to approval of the Debtor's modified plan and the Bank failed to object to the modified plan.

## Factual and Procedural Background

The Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on June 1, 2016 [DE #1]. She filed a Second Amended Chapter 13 Plan (the "2nd AP") [DE #36] on August 30, 2016. The 2nd AP provided for treatment of the Judgment debt through participation in the Court's Mortgage Modification Mediation Program. The Court confirmed the 2nd AP on October 24, 2016 [DE #49].

The Debtor failed to modify the Judgment debt at mediation [DE #53]. Thereafter, on November 10, 2016, the Debtor filed a proof of claim on the Bank's behalf. The proof of claim, Claim No. 3 (the "POC"), indicates that the Bank has a secured claim against the Debtor in the amount of $29,583.24 that is based on a Judgment and is payable at 4.75% interest.

On November 15, 2016, the Debtor filed a First Modified Chapter 13 Plan (the "Modified Plan") [DE #55]. The Modified Plan provides for full payment of the balance due on the Judgment debt,

3

$29,583.24,[1] at 4.75% interest. The balance and interest figures in the Modified Plan are identical to those listed in the POC. The Modified Plan did <u>not</u> provide for payment of taxes and insurance.

The Bank did not seek to amend the POC or object to the Debtor's motion to modify her 2nd AP [DE #56], which motion was filed together with the Modified Plan on November 15, 2016. On December 22, 2016, the Court granted the Debtor's motion and approved the Modified Plan [DE #62].

Nearly four years later, on June 12, 2020, the Bank filed a stay relief motion [DE #73] referencing its advance of tax and insurance payments totaling $15,882. The Bank withdrew its stay relief motion on July 7, 2020 [DE #76].

On July 24, 2020, the Bank filed the Motion that is the subject of this order, seeking to recoup one tax and seven insurance premium payments identified in the Motion and described as escrow advances. The Motion lists a tax payment of $798.58 made on November 11, 2016, and seven insurance payments made between December 6, 2016 and September 3, 2019. The payments total $14,507.58.

---

[1] The Debtor paid down a portion of the original amount of the Judgment debt, which was $38,899, in a prior chapter 13 bankruptcy case.

4

Discussion

The mortgage debt on the Property merged into the Judgment. *Gilpen v. Bower*, 12 So.2d 884, 885 (Fla. 1943) ("Although the debt secured by a mortgage exists independently of the instrument[,] a debt reduced to a judgment does not have this peculiarity as the former merges in the latter and loses its identity."); *JPMorgan Chase Bank, N.A. v. Hernandez*, 99 So.3d 508, 511-512 (Fla. 3d DCA 2011) (collecting cases in support of the proposition that a promissory note and mortgage merge into a final judgment upon its entry). If the Debtor had filed a plan that provided for a cure and reinstatement of her mortgage, the mortgage would have been de-accelerated and escrow obligations imposed by the mortgage note would have remained enforceable. But here, the Debtor is paying off the Judgment, and therefore, the escrow provisions of the mortgage note are not applicable. After entry of the Judgment, the Debtor no longer had a contractual obligation to the Bank to maintain insurance, and in fact, she had no legal obligation to insure her Property.

To adequately protect its interest, the Bank could have objected to the Modified Plan because it did not obligate the Debtor to maintain insurance. The Bank did not object, and it is bound by the terms of the Modified Plan under 11 U.S.C §1327(a) and the doctrine of *res judicata*. *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367 (2010).

Unlike insurance, the Debtor was legally obligated to pay property taxes.  Therefore, if the Bank had asserted a claim for repayment of its November 11, 2016 tax payment either in a proof of claim, or as an administrative expense, it may have preserved a right to be reimbursed.  However, as described earlier, the Bank did not file a proof of claim, did not seek allowance of an administrative expense, and did not object to the Debtor's Modified Plan, which was approved on December 12, 2016, after the Bank made the tax payment.

Perhaps recognizing the weakness in its legal position, the Bank seeks relief under § 105.  The Court finds no cause to grant equitable relief.  If the Debtor had filed a cure and maintain plan, the Bank would have been required to file a Notice under Fed. R. Bankr. P. 3002.1(c) no later than 180 days after making the insurance and tax payments.  That rule does not apply to the Debtor's Modified Plan.  However, it is difficult to muster sympathy for the Bank when the Motion claims a right to reimbursement for payments that started 3 ½ years ago with even the most recent insurance payment pre-dating the Motion by nearly a year.

In its Reply, the Bank argues that the Debtor will be unjustly enriched if the Motion is denied. The Debtor chose not to insure the Property, and she had the legal right to make that choice. She did not ask the Bank to buy insurance, and there is no

allegation that she obtained any benefit from the insurance. Under these facts, the Debtor was not unjustly enriched by the Bank's decision to obtain insurance to protect its interest in the Property.

In sum, the Court finds no legal or equitable basis to grant the Motion, and therefore, it is -

**ORDERED** as follows:

1. The Motion is denied.

2. U.S. Bank has no legal or equitable right to recover the tax and insurance payments subject of the Motion either in this chapter 13 case, or in a non-bankruptcy forum.

###

COPIES TO:
Mandy L. Mills, Esq.
April Harriott, Esq.
Christopher P. Salamone, Esq.
Nancy Neidich, Trustee